PULASKI COUNTY *v.*
ARKANSAS DEMOCRAT-GAZETTE, INC.

07-669                                                    260 S.W.3d 298

Supreme Court of Arkansas
Opinion delivered June 28, 2007

---

434

*Karla M. Burnett, Amanda M. Mitchell* and *Chastity D. Scifres*, Pulaski County Attorney's Office, for appellant.

*Williams & Anderson, PLC*, by: *Jess Askew III, Clayborne S. Stone* and *Alison Dennington*, for appellee.

Pᴇʀ Cᴜʀɪᴀᴍ. On June 26, 2007, Appellant Pulaski County filed motions to expedite and for stay pending appeal with our court. On that same day, we granted Appellant's motion to expedite, and we granted a temporary stay pending further orders from this court. We now grant Appellant's motions.

On June 14, 2007, Appellee Arkansas Democrat-Gazette, Inc., filed a complaint in the Pulaski County Circuit Court, alleging that certain e-mails of a former county employee, Ron Quillin, were public records pursuant to the Arkansas Freedom of Information Act (FOIA). On June 25, 2007, the circuit court ruled that the e-mails were public records and ordered them to be released to Appellee within twenty-fours hours of the entry of its judgment. On June 25, 2007, Appellant filed a notice of appeal, a designation of the record, and a motion for stay pending appeal. The circuit court denied Appellant's motion for stay on June 26, 2007. Appellant then filed the present motions with this court.

We grant Appellant's motion to stay, and we order that the stay shall remain in place until the appeal can be decided. We order the parties to file briefs, which include, but are not limited to, the following issues:

1. Do Pulaski County and the intervenor, Jane Doe, have standing to raise an FOIA issue?

2. Are personal e-mails in a county computer exempt from the FOIA? If so, under what circumstances?

3. Did the intervenor waive all privacy rights by sending e-mails to a county computer?

4. Is it necessary for this court to do an in camera review of the e-mails to distinguish personal from business e-mails?

Further, we order that the parties have seven days from the date of this order to submit simultaneous briefs and three days to respond simultaneously. Appellant shall also submit a record sufficient for this court to decide the aforementioned issues within seven days.

Motion to expedite granted; motion for stay pending appeal granted.

HANNAH, C.J., IMBER, and DANIELSON, JJ., would deny the stay.